Decided January 27, 1989

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

CHUN NAM KIN, and DANTE A. ) CIVIL ACTION NO. 88-0022
EVANGELISTA, on behalf of )
themselves and all others )
similarly situated, )
)
        Plaintiffs, )
)
        v. ) DECISION
)
GOVERNMENT OF THE NORTHERN )
MARIANA ISLANDS, OFFICE OF )
IMMIGRATION and NATURALIZATION, )
CHARLES REYES, ACTING CHIEF OF )
IMMIGRATION, in his official )
and individual capacities, )
)
        Defendants. )
)

On July 28, 1988, plaintiffs Chun Nam Kim et al. filed a lawsuit, styled "class action complaint for declaratory and injunctive relief," against the Government of the Northern Mariana Islands.[1] The complaint was brought pursuant to 42 U.S.C. sections 1981 and 1983. It alleged that section 11(c) of Public Law (P.L.) 5-32 is unconstitutional.

Plaintiffs' filed a motion for summary judgment asking

---

[1] The plaintiffs include Chun Nam Kim, Dante A. Evangelista, and all others similarly situated. The named defendants are the Government of the Northern Mariana Islands, Office of Immigration and Naturalization, and Charles Reyes, Acting Chief of Immigration, in his official and individual capacities.

the Court to declare the law unconstitutional.[2] Defendants filed cross motion for summary judgment maintaining that the law is constitutional. The parties agree that there are no genuine issues of fact in dispute. The Court finds that section 11(c) of P.L. 5-32 is repugnant to notions of equal protection under both the federal and Commonwealth Constitutions and, therefore, declares it inapplicable to immediate relatives who are legally residing in the Commonwealth.

FACTS

Pursuant to Section 503(c) of the Covenant[3], the Commonwealth Government regulates immigration in the Commonwealth, Sirilan v. Castro, 1 C.R. 1082 (D.N.M.I. App. Div. 1984) unlike in the several states where that authority is pre-empted by federal law. See, U.S. Const. Art. 1, §8, and, Truax v. Raich, 36 S.Ct 7, 11 (1918). In 1983, the Commonwealth enacted two laws to accomplish this purpose: The Commonwealth Entry and Deportation Act of 1983, P.L. 3-105, 3 CMC §§ 4301-4364, and the Nonresident Workers Act, P.L. 3-66, 3 CMC §§ 4411-4452. These laws regulated the manner in which aliens obtained employment and entry into the Commonwealth. Alien workers with signed employment contracts which

---

[2]  Plaintiffs received injunctive relief they had requested which effectively maintained the status quo pending the resolution of this dispute.

[3]  Covenant to Establish the Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, P.L. 94-241.

were approved by the Chief of Labor were issued entry permits by the Commonwealth Office of Immigration and Naturalization (Immigration). This permit allowed them to enter the Commonwealth.[4] The immediate relatives of alien workers were also given entry permits by Immigration and allowed to enter. 3 CMC § 4321(c). In 1987, the Commonwealth enacted P.L. 5-32, the Alien Labor Act of 1986 (the Act), amending various sections of the Commonwealth Entry and Deportation Act of 1983 and the Nonresident Workers Act. Section 11(c) of the Act amended 3 CMC section 4437(f) by limiting to four years the duration of stay of non-resident alien workers. This section also ended the practice of issuing immediate relative entry permits to family members of non-resident workers if the non-resident worker earned less than $20,000. The result of this change was that immediate relatives who had previously been admitted under 3 CMC section 4321(c) were no longer allowed to stay in the Commonwealth and faced either voluntary departure or deportation.[5] Plaintiffs are members of that group who pursuant to the Act are no longer entitled to remain in the Commonwealth.[6]

Plaintiffs allege that section 11(c) impinges on a

---

[4] The permit process is far more complicated then presented here, however, since it is not germane to the issues presented it will not be described in greater detail.

[5] The law provided for a one year moratorium on this section for those immediate relatives already in the Commonwealth.

[6] Defendants agreed for the purposes of this motion that plaintiffs are members of that class of individuals subject to § 11(c) of P.L. 5-32.

fundamental right to maintain an existing family unit. Plaintiffs also allege that the law is repugnant to notions of privacy and freedom of association. Plaintiffs assert that the law violates restrictions on ex post facto laws and bills of attainder. Much of plaintiffs' memorandum directs the Court through a strict scrutiny equal protection analysis based in part on the Court's finding that one of these proscriptions are involved. Plaintiffs' also argue that due process, both substantive and procedural, is ignored by the Act.

Defendants contend that the proscriptions regarding ex post facto laws and bills of attainder do not apply to non-penal statutes which they assert this is. Defendants maintain that the law does not impinge on any fundamental rights. Defendants ask the Court to review the statute under a minimum scrutiny analysis.

## ANALYSIS

In 1984, the appellate division of this Court held that Commonwealth legislation dealing with immigration matters was subject to an intermediate scrutiny analysis when challenged on constitutional grounds. Sirilan v. Castro, 1 C.R. 1082 (D.N.M.I., App. Div. 1984). Though the Court was sitting as the Commonwealth Appellate Court pursuant to 48 U.S.C. section 1694b and, hence, the decision is not binding on the Trial Division, the Court, nevertheless, finds the reasoning persuasive and chooses to follow it.

To pass Constitutional muster under intermediate

scrutiny the challenged law must have been enacted to achieve an important governmental interest and the means employed must have a substantial relation to the stated purpose of the law. Id. at 1097.

The purported purpose of the Alien Labor Act is contained in section 2 of the Act. Section 2, entitled "Purpose and Findings", states that the Act is intended to control and regulate nonresident workers. Section 2 also states that the Act is meant to facilitate the increase of the percentage of local workers in management positions in the work force.

There is no bright line test to determine what is an important governmental interest. The case law indicates it is one that falls within a continuim of interests ranging from very important interests, like protecting the welfare of the citizenary, see e.g., William v. Lee Optical, 348 U.S. 483 (1955), to interests of minimal importance, like regulating sex between consenting adults. See, e.g., Griswold v. Connecticut, 381 U.S. 479 (1963). The Court finds that controlling and regulating nonresident workers is an important governmental interest. This Court further finds that advancing the participation of local workers in the management aspects of industry on the island is also an important governmental interest. Therefore, P.L. 5-32 passes the first test of intermediate analysis.

The second test asks whether the means employed to carry out the purpose are substantially related. Here, P.L. 5-32 fails. The challenged language of section 11(c) of P.L. 5-32 is directed

at immediate relatives of non-resident workers. Under this law, these relatives are required to depart from the Commonwealth if their sponsor[7] earns less than $20,000. This law has no relation to the control and regulation of non-resident alien workers. It controls and regulates their immediate relatives and this is not what the law was intended to do. Nor does the law fulfill its second articulated purpose, to facilitate local participation in the management of local businesses. Immediate relatives cannot compete with the local work force without obtaining entry and work permits for employment. If this were to occur, immediate relatives would be transformed into non-resident alien workers and, therefore, not subject to section 11(c).

It is the conclusion of this Court that though the purpose of section 11(c) of P.L. 5-32 was to address an important governmental interest, the means employed are not substantially related to that purpose and, therefore, the law must be struck under the equal protection clauses of both the United States and Commonwealth Constitutions.

Further, it is the decision of this Court that the statute is only unconstitutional as applied to these plaintiffs, and those similarly situated. The Court's ruling does not apply to prospective application of this law.

DATED this 27th day of January, 1989.

Judge Alex R. Munson

---

[7] Sponsor refers to the non-resident alien worker employee.